DEIS *v.* DOLL.[1]

(*Circuit Court, N. D. Ohio.* September, 1884.)

PATENTS—EGG-BEATERS.

Patent No. 254,540, granted to Charles Deis for an improved egg and sugar beater, consisting of a box or receptacle containing a revolving shaft, on which "are set a number of projecting whips or beaters of wire, either in bunches or singly, and in rows or alternately," *held* that, in view of the state of the art at the time the patent was granted, it must be limited to the combination described, embracing the particular form of beater shown in the specifications and drawings; and that it is not infringed by a beater in all respects like Deis', except that, instead of wire whips, it has, on the revolving shaft, rigid cast-iron projections arranged in four or more parallel rows, these radial arms being so arranged in each row as to be intermediate with those of the other, and the arms on each row connected at their outer ends by longitudinal stiffening rods; said beater being manufactured by defendant under patent No. 266,679, granted to him.

In Equity.

*Charles F. Morgan,* for complainant.

*M. D. Leggett* and *John Crowell,* for defendant.

MATTHEWS, Justice. This is a bill in equity to restrain the alleged infringement by the defendant of letters patent No. 254,540, granted to the complainant, March 7, 1882, for certain improvements in egg and sugar beaters, and for an account.

"This invention," the specification declares, "is intended for the use of bakeries, where large quantities of eggs and sugar and flour are beaten for cake-making, etc., the object being to supply a cheap and simple machine that will do the work in a much shorter time than by hand-beating, as generally practiced; and the invention consists in the employment of an open box or receptacle, with a rounded bottom, and having hollow (tin) or double side walls, to contain hot water therein, to aid the beating by warming the egg mass in the box, so that it works quicker, and combined with a revolving shaft having a series of projecting whips or dashers thereon, which is operated by gear-wheels and a crank outside the end of said box, all substantially as hereinafter fully explained."

Having reference to the drawings, there is a description of the box,

---

[1] Reported by J. C. Harper, Esq., of the Cincinnati bar.

with rounded bottom and hollow sides, to hold hot water, and set in that a beater, consisting of a horizontal shaft removable therefrom, and revolved by means of a cog-wheel and crank at one end of the journal outside the box. "On this shaft," the specification proceeds, "are set a number of projecting whips or beaters of wire, either in bunches or singly, and in rows or alternately in position, which, when rapidly revolved by the crank, beat up the mass of egg or eggs and sugar and flour, in a very short time, to the required lightness and consistency, giving the same effect as rapid hand-beating."

The claim is as follows:

"In a baker's egg and sugar beater the combination of the shaft, $d$, having the wire whips, $i$, $i$, $i$, thereon, operated by cog-wheels, $f$, $g$, and crank, $h$, with the box, $aaa$, having the rounded bottom, $a$, and double walls, $b$, $b$, (and bottom,) all arranged and operating substantially as specified."

The defendant's answer, specially naming the alleged anticipation, denies the validity of the patent for want of novelty, and also the alleged infringement. It is admitted that the defendant had manufactured and sold one or more machines, in all respects like those described in the letters patent of the plaintiff, with this exception: that instead of the wire whips projecting from the shaft, as a beater, they had, on the revolving shaft, rigid cast-iron projections, arranged in four or more parallel rows, these radial arms being so arranged in each row as to be intermediate with those of the other, so that each arm cuts a separate path through the material to be mixed, and the arms in each row connected at their outer ends by longitudinal stiffening rods, which impart rigidity to the entire row of arms. The defendant claims the right to manufacture and sell machines of this character by virtue of letters patent for the same, issued to him October 31, 1882, and that they do not infringe the letters patent of the plaintiff; or that, if they do, the latter are void for want of patentable novelty. The defendant's patent, No. 266,679, is for new and useful improvements in egg and flour mixers, and, after describing in the specification the details of the machine with reference to the drawings, sets forth claims to a combination, consisting of a jacketed mixing trough, having hollow sides for hot or cold water; a horizontal detachable beater, having rows of radial arms, connected by longitudinal stiffening rods at their outer ends, and means of revolving the beater. The supposed advantage of the radial arms, constructed and arranged as described, is set forth in the specifications as follows:

"In revolving the beater the radial arms of the same agitate the materials placed in the trough, while the longitudinal stiffening rods move closely along the inner walls of the trough, so as to take up the materials deposited thereon and return them into the path of the radial beater-arms, whereby the thorough mixing of the eggs, sugar, flour, or other materials is secured in a very short time, and a dough of the required consistency and lightness obtained."

The advantage and superiority of radial arms so arranged, and united by stiffening rods, are admitted; but it is contended that, if

patentable, they can be only as an improvement upon those covered by the plaintiff's patent, for which, in other respects, they are merely mechanical equivalents; that patent, it is claimed, covering, as a constituent of the combination, every horizontal shaft with projections suitable for beating eggs and sugar, etc. There is no claim for the beater alone, but only in this combination; and in every other respect, except as to this beater, it is admitted that the combination itself, in other applications, and all the several elements which enter into it, were well known and in common use before the alleged invention of the plaintiff. For example, it is admitted that prior to that date churns were made and sold, and in public use, having rounded bottoms and double walled sides for holding hot or cold water, and provided with revolving dashers and mechanism adapted to revolve them, although such dashers were not suitable for beating or treating eggs, or eggs and sugar, or like masses. There is also in proof, letters patent granted to John F. Robe, No. 166,412, dated August 3, 1875, thus antedating those of the plaintiff several years, for an improved egg-beater, in which there is shown a rotating horizontal shaft, with radial arms or prongs projecting from the shaft, operating between like bars in a fixed position, turned in a casing, without, however, the double walls, by means of a crank and cog-wheel. There was certainly nothing patentable in employing such a beater as that of Robe's in a casing having hollow sides; and having in view, therefore, the state of the art at the date of the plaintiff's alleged invention, and by means of that seeking to reconcile the action of the patent-office in granting the two patents,—one to the plaintiff, the other to the defendant,—otherwise inconsistent, it is necessary to limit the patent of the plaintiff to the combination described by him, embracing the particular form of beater shown in the specifications and drawings.

This relieves the defendant from the charge of infringement, and entitles him on that ground to a dismissal of the complainant's bill, with costs; and it is so ordered.